# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle Heyward,         :
            Petitioner    :
                             :
        v.            :    No. 202 C.D. 2025
                             :
Unemployment Compensation   :
Board of Review,           :
           Respondent  :    Submitted: June 16, 2026

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                 FILED:  July 24, 2026

        Michelle Heyward (Claimant), an unrepresented litigant, petitions for review of the December 27, 2024 order of the Unemployment Compensation (UC) Board of Review (Board) that affirmed the decision of a Referee, which found Claimant ineligible for unemployment compensation benefits under Section 401(d)(1) of the UC Law.[1]  Upon review, we find that the Board had substantial evidence to support its findings of fact and committed no error of law.  Therefore, we affirm the Board's decision.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1).

# I. BACKGROUND

Claimant applied for unemployment benefits for the week starting May 4, 2024, with an effective application date of May 12, 2024. Certified Record (C.R.) at 3. On June 7, 2024, the Department of Labor & Industry, Office of Unemployment Compensation Benefits (Department), issued a determination that Claimant did not qualify for unemployment benefits, with such disqualification having an effective date of April 28, 2024. *Id.* at 21. It based this disqualifying determination on its finding that Claimant was "not able and/or available for work due to illness, injury or disability[,]" citing Section 401(d)(1) of the UC Law. *Id.* Claimant filed a timely appeal of the Department's determination on June 26, 2024. *Id.* at 36.

A Referee hearing was conducted on September 24, 2024. C.R. at 112. At the hearing, Claimant testified that prior to filing for UC benefits, she had worked for Pocono Country Place (Employer) as a housekeeper. *Id.* at 117. She testified that her last day of work had been January 16, 2024, and that she had gone on short-term disability for wrist surgery. *Id.* at 118. She further testified that she had not since returned to work or been released from her physician's care and that her physician informed her that she "wasn't able to do [her] job" and that had not changed as of the date of the hearing. *Id.* at 118-19. She further testified that she was restricted from lifting over 40 pounds. *Id.* at 119-20. However, she maintained that she would have taken another (non-housekeeping) position with Employer which did not require her to lift over 40 pounds. *Id.* at 120. She stated that she spoke with a representative of Employer, Nina Graaf, on April 23, 2024, and asked for an extension of her medical leave to provide medical documentation as to the type of work she could perform. *Id.* at 120-21. She stated that Employer received

documentation from her physician on April 30, 2024, and she was subsequently terminated on May 1, 2024, due to being unable to perform her job. *Id*. at 121.

Nina Graaf testified next, stating that Claimant's 40-pound restriction never came up in her conversation with Claimant. C.R. at 122. She testified that Claimant had been on Family and Medical Leave Act (FMLA)[2] leave due to her wrist surgery and her leave expired on April 12, 2024. *Id.* at 123. She further testified that the documentation received from Claimant's physician on April 30, 2024, indicated that Claimant had a second wrist surgery scheduled for May 1, 2024, and that the expected duration of Claimant's impairments was another 12 to 14 weeks, and finally that physician indicated that no reasonable accommodation would enable Claimant to return to work during that period. *Id.* She then confirmed that Claimant was terminated on May 1, 2024, due to being unable to provide a return-to-work date. *Id.* at 123-24.

After Graaf's testimony, Claimant provided some further testimony, explaining that when she talked to Graaf in January before her first surgery, Graaf had provided her with a form for short-term disability benefits, and Claimant had received such benefits until July 23, 2024. *Id.* at 126.

Following the hearing, the Referee issued a decision denying Claimant's appeal. The Referee issued the following Findings of Fact:

> 1. The claimant last worked as a full-time housekeeper for Property Owners Association/A Pocono Country Place beginning employment on December 3, 2018, with a last day worked on January 16, 2024.

---

[2] 29 U.S.C. §§ 2601-2654. FMLA permits individuals to take up to 12 weeks of medical leave over a 12-month period due to a serious medical condition that interferes with their ability to work.

2. On January 17, 2024, the claimant began approved FMLA due to having wrist surgery.

3. On April 12, 2024, the claimant's FMLA leave expired.

4. The employer required the claimant to provide a medical release to return to work.

5. The claimant was unable to provide the required medical release to the employer timely.

6. On May 1, 2024, the employer separated the claimant from employment due to her not being able to return to work.

7. The claimant was on short term disability from on or about January 17, 2024[,] to July 23, 2024[.]

C.R. at 133. The Referee concluded that Claimant remained "ineligible for benefits until such time as the Claimant provides proof, such as a release from a physician to the Department showing that the Claimant is able to work" and affirmed the Department's June 7, 2024 determination.[3] *Id.* at 134. Claimant timely appealed the Referee's decision to the Board. *Id.* at 145.

On December 27, 2024, the Board issued its decision affirming the Referee. It adopted and incorporated the findings and conclusions of the Referee, further noting that:

> The parties agree that the claimant went on FMLA leave on January 17, 2024. In April the claimant's FMLA had run out and the employer had not received any paperwork clearing the claimant to return to work. On April 30, 2024, the claimant's doctor faxed the employer paperwork

---

[3] The Referee also reversed another determination that Claimant was ineligible for benefits under Section 402(b) of the UC Law. That decision is not at issue in this appeal.

4

> stating the claimant was not able to do any work even with accommodations.
>
> In May 2024, the claimant underwent additional surgery. The claimant received full disability benefits from January 17, 2024[,] until July 23, 2024. The claimant has not produced any paperwork showing her doctor released her to do work of any kind.

C.R. at 160-61. Claimant timely appealed[4] the Board's decision to this Court.[5]

## II. ISSUES

Claimant essentially contends that she was available for work for the relevant time period, with reasonable restrictions, and therefore should have been eligible for benefits.

---

[4] This Court's review is "limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Key v. Unemployment Comp. Bd. of Rev.*, 687 A.2d 409, 411 n.2 (Pa. Cmwlth. 1996).

[5] Claimant attached extra-record documentation from her physician to her Petition for Review. On July 11, 2025, the Board filed an "Application for Relief in the Form of a Motion to Strike Extra-Record Evidence Attached to Petitioner's Petition for Review" requesting that such attachment be stricken from the record. Claimant filed no response to the Board's Application, and this Court granted such Application on December 30, 2025, reasoning that:

> Pursuant to Pennsylvania Rule of Appellate Procedure 1951, Pa.R.A.P. 1951, this Court's review is limited to the record made before Respondent. *See* Pa.R.A.P. 1951(a) (providing that the record below in proceedings on a petition for review "shall consist of . . . (1) [t]he order or other determination of the government unit sought to be reviewed[;] (2) [t]he findings or report on which such order or other determination is based[; and] (3) [t]he pleadings, evidence and proceedings before the government unit"); *see also Brown v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 322, 331 n.13 (Pa. Cmwlth. 2022) ("It is well settled that this Court may not consider extra-record evidence that is not part of the certified record on appeal.").

Mem. & Order, filed December 30, 2025. Accordingly, to the extent that Claimant relies on such documentation in her brief and argument, this Court reiterates that it is unable to consider extra-record evidence.

The Board responds that the presumption that Claimant was available for work was rebutted by testimony that she had surgery very shortly before the relevant benefit period and was receiving short-term disability benefits during the relevant benefit period. It further contends that Claimant failed to respond with evidence showing that she was released by her physician and able and available for work during the relevant benefits period.

### III. DISCUSSION

This Court has noted that:

> Section 401(d)(1) of the [UC] Law provides, in part, that "[c]ompensation shall be payable to any employee who is or becomes unemployed and who. . . [i]s able to work and available for suitable work." The burden of proving availability for suitable work is on the claimant. An unemployed worker who registers for unemployment is presumed to be able and available for work. This presumption is rebuttable by evidence that a claimant's physical condition limits the type of work he is available to accept or that he has voluntarily placed other restrictions on the type of job he is willing to accept. If the presumption of availability is rebutted, the burden shifts to the claimant to produce evidence that he is able to do some type of work and that there is a reasonable opportunity for securing such work.

*Rohde v. Unemployment Comp. Bd. of Rev.*, 28 A.3d 237, 242-43 (Pa. Cmwlth. 2011) (internal citations omitted). "In unemployment compensation proceedings, the Board is the ultimate fact finder and it is empowered to resolve all conflicts in the evidence. When the record supports a finding of the Board, that finding is

6

conclusive." *Dep't of Lab. & Indus. v. Unemployment Comp. Bd. of Rev.*, 2 A.3d 1292, 1294 (Pa. Cmwlth. 2010) (internal citations omitted).

In the instant case, testimony before the Referee established that Claimant's physician indicated that Claimant had a second wrist surgery scheduled for May 1, 2024, would be unable to return to work for a period of 12 to 14 weeks, and that no reasonable accommodations would permit her return to work. Testimony before the Referee also established that Claimant received short-term disability until July 23, 2024. Accordingly, the presumption that Claimant was available for work was rebutted, and the burden shifted to Claimant "to produce evidence that [s]he is able to do some type of work and that there is a reasonable opportunity for securing such work." *Rhode*, 28 A.3d at 243.

While Claimant testified that she could have returned to work during the relevant period with restrictions that she does not lift over 40 pounds, this was directly contradicted by Employer's witness who explained that Claimant's physician specifically stated that there was no reasonable accommodation that would allow Claimant to work. C.R. at 123. The Referee, and subsequently the Board, resolved this testimonial dispute in favor of Employer's witness. As the Board is the ultimate finder of fact, it is empowered to resolve disputes in testimony. The Board's finding that Claimant was unavailable for suitable work during the relevant

benefits period was supported by substantial evidence, as detailed above. Therefore, we must affirm the Board.

## IV. CONCLUSION

For the foregoing reasons, the Board's December 27, 2024 decision is affirmed.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle Heyward,                    :
                      Petitioner     :
                                     :
          v.                         :   No. 202 C.D. 2025
                                     :
Unemployment Compensation            :
Board of Review,                     :
                      Respondent     :

## **O R D E R**

      AND NOW, this 24th day of July 2026, the December 27, 2024 decision of the Unemployment Compensation Board of Review in the above-captioned matter is AFFIRMED.

 

_____
MATTHEW S. WOLF, Judge